30 F.3d 127
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
JOSE MARTINEZ, Defendant, Appellant.
 No. 94-1062
 United States Court of Appeals,
First Circuit.
 July 13, 1994.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge ]
 Charles P. McGinty on brief for appellant.
 Donald K. Stern, United States Attorney, and James D. Herbert, Assistant United States Attorney, on Motion for Summary Disposition for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 The government has moved for summary affirmance of the district court's order revoking defendant's supervised release.
 
 
 2
 Defendant pleaded guilty to a charge of possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a)(1). He was initially sentenced to 57 months in custody followed by three years of supervised release. He conceded at the revocation hearing that he had violated the conditions of his supervised release. The district court resentenced him to 15 months imprisonment, followed by 21 months of supervised release. On appeal defendant raises a single issue, "whether the supervised release revocation ["SRR"] provisions of 18 U.S.C. Sec. 3583(e)(3), permit a district court, upon revocation of a term of supervised release, to impose a sentence combining incarceration with a further term of supervised release."
 
 
 3
 This court recently considered the identical issue in United States v. O'Neil, 11 F.3d 292 (1st Cir. 1993). We held in O'Neil,
 
 
 4
 [T]he SRR provision ... permits a district court, upon revocation of a term of supervised release, to impose a prison sentence combining incarceration with a further term of supervised release, so long as (1) the incarcerative portion of the sentence does not exceed the time limit specified in the SRR provision itself, and (2) the combined length of the new prison sentence cum supervision term does not exceed the duration of the original term of supervised release.
 
 
 5
 O'Neil, 11 F.3d at 302.
 
 
 6
 Defendant concedes that the sentence imposed upon him comports with O'Neil. He argues, however, that O'Neil was wrongly decided.
 
 
 7
 We decline defendant's invitation to revisit O'Neil, especially as all of defendant's arguments, and most of the authorities he cites, were aired and considered by the panel that heard O'Neil. In this circuit, newly-constituted panels are generally bound by prior panel decisions on point. Broderick v. Roache, 996 F.2d 1294, 1298 (1st Cir. 1993).
 
 
 8
 Defendant's reliance on the Supreme Court's recent decision in United States v. Granderson, 114 S. Ct. 1259 (1994), is misplaced. Granderson and O'Neil addressed different substantive and interpretive issues involving discrete statutory sections with different texts, designs, and histories. The differences which defendant perceives in the two opinions, including their differing uses of the "rule of lenity," are a function of the lack of common issues, not of differences in analytic method or statutory construction.
 
 
 9
 As the dispositive issue on appeal has been recently and authoritatively decided by a panel of this court, and no other substantial question is presented, the decision below is summarily affirmed. See Loc. R. 27.1.